## WHILWORTH et al. v. MURPHY.

**New trial:** SICKNESS OF PARTY: NEGLIGENCE. In an application for a new trial, based upon the ground of the sudden illness and consequent unavoidable absence of the unsuccessful party, who it is claimed was a material witness in his own behalf, it must be shown that the party and his attorney have not been guilty of any negligence in the premises.

*Appeal from Rock County Circuit Court.*

WEDNESDAY, AUGUST 31.

ACTION upon a promissory note.    Trial to the court without a jury, and judgment for plaintiffs.    Defendant filed a motion for a new trial, which was overruled, and from the order overruling his motion appeals to this court.

*Phillips & Phillips* for the appellant.

*Seward Smith* for the appellees.

BECK, J. — Defendant's motion for a new trial is based upon his own and his attorney's affidavits. It appears that, at the trial, he was not present, and that, by his own evidence, he could have proved certain material facts in his defence. He was prevented attending the trial by sickness, though he had been in attendance upon the court the day before. In the morning of the day of the trial he sent word to his attorney of his sickness and consequent inability to attend the court, which, however, was not received by the attorney, who, not being advised of the cause of the absence of his client, proceeded to try the case without him. No effort was made by the attorney to continue the case on account of the absence of defendant, and it does not appear that he was ignorant of the character and effect of defendant's evidence, which he expected to give. Neither does it appear that defendant was so ill as to be deprived of the ability to communicate with his attorney—certainly not so ill as to be incapable of knowing and realizing the importance of doing so; nor that it was not entirely practicable and easy for him to do so. His effort to send word of his illness shows that he understood the matter, and that it was practicable for him to communicate with his attorney. That his message was not conveyed is the fault of the party that he selected as his agent for that purpose. Altogether, it is not such a case of accident and misfortune, unmixed with negligence of the party, agent and attorney, that it requires the interference of this court. The attorney, if he knew the purport of the evidence within the knowledge of the defendant, should have made an effort to continue the case on account of the absence of his client. If he did not possess such knowledge, it was his client's fault and negligence in withholding it from him. It is the duty of a litigant to be represented by an attorney to whom he has confided the facts of his case, and, if he expects to be a

witness in his own behalf, to be present. If either client or attorney are absent through illness, it would be negligence in them not to take proper steps to protect their rights while absent. If the attorney is present, yet unadvised by his client of his case, so that he does not take proper action therein, that is the client's negligence. *McManus* v. *Humes*, 6 Iowa, 160. In our opinion, the order of the court below, overruling the motion, is correct.

Affirmed.